IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Fox Valley & Vicinity Construction Workers Welfare Fund, et al.,** | ) )  |
| Plaintiffs, | ) ) |
| | ) **No. 19 C 7301** |
| v. | ) ) |
| | ) **Judge Ronald A. Guzmán** |
| **Abari Construction, Inc.,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiffs' motion for summary judgment [42] is granted as to liability. A genuine issue of material fact exists as to the amounts due. The parties shall file a statement no later than January 22, 2021 indicating how they propose the Court should proceed.

**STATEMENT**

Plaintiffs filed the instant action to recover from Defendant alleged unpaid contributions pursuant to the relevant collective bargaining agreement and ERISA. Defendant does not challenge liability but only certain amounts due. First, Defendant asserts that a $50,000.00 payment by a third-party surety on Defendant's behalf should reduce the amount of contributions due. In their reply, Plaintiffs agree, so the amount sought by Plaintiffs has been reduced by $50,000.00. Defendant further asserts that the liquidated damages and interest amounts due should be recalculated based on the $50,000.00 payment. But "[c]ontrolling case law makes it clear that a pension fund's right to collect penalties for late payment is not extinguished by an employer's payment of those obligations." *Bridge v. Transpersonnel, Inc.*, No. 03 C 2437, 2004 WL 2034075, at *4 (N.D. Ill. Sept. 10, 2004). There is no dispute that the $50,000.00 payment was received after the suit was filed.

Defendant also argues that the amount of contributions due for May 2019 should be $5,191.24, not $5,291.24, as asserted by Plaintiffs. Defendant points to a May 1, 2019 letter from Plaintiffs stating that Defendant should "take a credit in the amount of $100.00 on your next report" due to an overpayment by Defendant. (Def.'s Ex. A-3, Dkt. # 49, at 16.) Plaintiffs agree that the $100.00 credit is accurate and have applied it to the final amount due. (Dorfman Supp. Aff., Dkt. # 55-1, ¶ 6.)

Finally, Defendant challenges the contribution amounts Plaintiffs allege are due for hours worked by employees L. Geschke and R. Stephens in September 2019. According to the contribution report attached to the affidavit provided by Defendant from Roberta DiGioa,

Defendant's administrative assistant, Geschke worked and payments were made for a total of 114 hours in September 2019.  (DiGioa Aff., Def.'s Ex. A-2, ¶¶ 7-10.)   Plaintiffs' audit records show, however, that only 105.5 hours were reported and paid on Geschke's behalf to Plaintiffs.  A genuine issue of material fact exists regarding the hours reported and contributions paid for work performed by Geschke in September 2019; accordingly, summary judgment on this aspect of the claim is denied.   Plaintiffs also argue that .5 hours of double time worked by employee Stephens in September 2019 were not reported and applicable contributions not paid.   DiGoia's affidavit fails to address Stephens at all; thus, Defendant has failed to create a genuine issue of material fact with respect to the .5 hours of double time worked by Stephens, and contributions are owed on that time.

     Because a genuine issue of material fact exists as to the contributions due for hours worked by Geschke in September 2019, Plaintiffs' motion for summary judgment on the amounts due is denied.

**Date:**   January 11, 2021

_____
**Ronald A. Guzmàn**
**United States District Judge**